**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff-Appellee,**

v.                                                       Case Nos.  3:08cr52/MCR
                                                                  3:08cr53/MCR
                                                                  3:06mj/71EMT
                                                                  3:08mj/112/EMT

**MISTY A. RUSSO,**

    **Defendant-Appellant.**

_____/

**ORDER**

In this consolidated appeal defendant-appellant Misty A. Russo ("Russo") challenges the sentence imposed by the magistrate judge following Russo's conviction on misdemeanor charges in two separate cases, Nos. 3:06mj/71EMT and 3:08mj/112/EMT. The court has granted Russo's motion for expedited review and thus enters the following abbreviated order. Upon careful review of the record and the parties' memoranda, for the reasons stated below, the court AFFIRMS the judgment and sentence of the magistrate judge.

**Facts and Procedural History**[1]

On December 31, 2005, at approximately 1:30 a.m., a Chevrolet truck, later identified as being driven by Russo without the permission of the owner, approached the Main Gate of Naval Air Station Pensacola. Just prior to entering the base, Russo abruptly

---

[1] The facts are drawn from the presentence report that was prepared in connection with Case No. 3:06mj/71EMT. Other than with respect to the issue of restitution (which was later resolved in her favor and is not at issue here), Russo has not objected to the facts recited in the presentence report. With Russo's consent, no presentence report was prepared in connection with Case No. 3:08mj/112/EMT.

changed traffic lanes, turned left onto a side street, then lost control of the vehicle while attempting to complete a U-turn.  The vehicle crossed into the median, where it struck part of a display containing an antique ship's bell.  The vehicle then traveled across four lanes of inbound traffic before hitting and destroying a light pole.   A base police officer who was standing duty at the Gate immediately approached the driver's side of the severely damaged vehicle.  The truck's window was open, and the officer noticed a strong odor of an alcoholic beverage emanating from the vehicle.  When Russo exited the vehicle the officer was able to see a nearly empty one-half gallon bottle of vodka on the floor.  He also could detect a strong odor of alcohol on Russo's breath and person and noted that her speech was slurred and she was swaying.  Russo consented to taking field sobriety tests, which she failed, and she was arrested and taken to the base police station.  Russo was belligerent and uncooperative.  After she complained of neck and back pain, Russo was taken to a hospital; blood samples drawn from Russo at the hospital revealed levels of .218 and .221 grams of ethyl alcohol per 100 milliliters of blood.  A records check also revealed that Russo did not have valid driver's license.

On March 13, 2006, Russo was charged in a four-count information with (1) driving under the influence of alcoholic beverages ("DUI"), in violation of  Fla. Stat. § 316.193; (2) damage to government property (less than $1000), in violation of 18 U.S.C. § 1361; (3) driving a motor vehicle while driver's license suspended, with knowledge ("DWDLS"), in violation of Fla. Stat. § 322.334(2); and (4) open container of alcohol in a motor vehicle, in violation of Fla. Stat. § 316.1936. *See* doc. 1, Case No. 3:06mj71/EMT.  Because the offenses occurred on a federal military base, the state-law offenses were assimilated under the Assimilative Crimes Act, 18 U.S.C. §§ 7 and 13, and under 32 C.F.R. Part 210.  On September 7, 2006, Russo pleaded no contest to Counts 1 and 3.[2]

Russo's criminal history includes a prior DUI conviction.  Based on this criminal

---

[2] The parties apparently concur that, pursuant to an oral agreement, Counts 2 and 4 were supposed to be dismissed if Russo pleaded guilty to Counts I and 3.  The record does not reflect that the government has moved to dismiss Counts 2 and 4.  Russo has not been adjudicated guilty of, however, nor sentenced with respect to, Counts 2 and 4.

history and the fact that Russo's blood alcohol level exceeded .20 in connection with the DUI offense charged in the March 13, 2006, information, the statutory maximum prison sentence Russo faced was twelve months, although Russo was advised at the plea hearing that the maximum sentence on this charge was nine months.  In addition, based on a prior criminal history of three prior convictions for DWDLS, Russo could have been charged with a felony that would have carried a possible five-year prison sentence.  Because Russo was charged by information, however, the magistrate judge informed Russo that the maximum sentence for that offense could not exceed one year.

Sentencing was scheduled for December 12, 2006, but Russo failed to appear.  On April 8, 2008, Russo was taken into federal custody, and on April 21, 2008, she was charged in a one-count information with failure to appear, in violation of 18 U.S.C. § 3146(a)(1). *See* doc. 1, Case No. 3:08mj112/EMT.  On May 27, 2008, during her plea hearing, Russo was advised that the violation of § 3146(a)(1) carried a maximum prison term of not more than one year.

The presentence report prepared in connection with the DUI and DWDLS offenses noted that the provisions of § 2X5.1 of the United States Sentencing Guidelines applied to those crimes because the offenses were Class A misdemeanors for which no guideline had been expressly promulgated.  Because there was not a specific Guideline or sufficiently analogous Guideline, the report stated that the provisions of § 3553 controlled.  The presentence report recommended a sentence of nine months imprisonment as to the DUI offense and twelve months imprisonment as to the DWDSL offense, with the sentences to run concurrently. As noted,  no presentence report was prepared in connection with the failure to appear charge and thus the magistrate judge was provided no sentencing recommendation on  this offense.  At Russo's sentencing hearing, however—which was also held on May 27, 2008— the magistrate judge stated, without objection from the parties, that she would assume the range under the Guidelines to be from zero to six months imprisonment, the lowest possible.

After accepting Russo's guilty plea on the failure to appear charge and hearing from

the parties, the magistrate judge proceeded with sentencing on all three charges. Russo's counsel argued that the court should take into consideration that Russo had already spent nearly one year in jail on state charges since her failure to appear in the DUI and DWDLS case; that the experience of being incarcerated would act as a deterrent to Russo's engaging in further criminal conduct; that Russo's mental health status had improved during her incarceration; that Russo had delivered a second child, for whom her mother was presently caring, and that Russo hoped to move to Virginia to be closer to her family; and that Russo's inability to recall the events of December 31, 2005, should be considered a mitigating factor in sentencing.

After hearing briefly from the government, the magistrate judge imposed sentence, stating that she did so pursuant to the Sentencing Reform Act of 1984, and its amendments, and that she had considered all factors under 18 U.S.C. § 3553(a). Explaining the bases for the sentence, the magistrate judge announced that she had taken into consideration that property had been damaged; that Russo had not been charged as severely as she could have been on the DUI and DWDSL offenses; and that Russo had failed to appear for sentencing on those cases. The magistrate judge further determined that Russo's criminal history, history of violations of probation, and history of failing to appear were not adequately accounted for in the Guidelines.[3] Additionally, the magistrate

---

[3] The presentence report notes that Russo had previously pleaded no contest to criminal mischief in a case involving allegations she scratched the paint and slashed the tires of a car. She had also previously pleaded no contest or guilty to driving without a license one time and to DWLS three times; in one of the latter cases Russo had also pleaded guilty to battery on a law enforcement officer for conduct that included becoming belligerent and head-butting the police officer; removing one of her hands from her handcuffs; and pounding on the patrol car window. In another case, Russo pleaded no contest to disorderly intoxication and resisting arrest without violence. Additionally, Russo had previously pleaded no contest to DUI (breath-alcohol level of .281), accident involving property damage, and driving without a license. On two occasions in connection with her prior convictions Russo failed to appear for court hearings and in connection with three prior offenses she violated the terms of her probation. *See* presentence report, pp. 8-14. The presentence report also reflects that Russo was charged in state court with grand theft auto, which was related to the events associated with the DUI and DWDSL charges in federal court. Additionally, the presentence report states that in connection with a March 30, 2006, traffic stop Russo faced charges in state court for driving without headlights; driving while license suspended; giving false name or identification; and operating a vehicle while driver's license revoked (habitual traffic offender). By the time of the May 2008 sentencing hearing, at least one of these state charges had been resolved. Russo apparently pleaded no contest to giving a false name or identification, for which she was sentenced to time served. The record reflects that Russo had been

judge referenced Paragraph 43 of the presentence report, which discusses Russo's personal history, including drug use during pregnancy.[4]  The magistrate judge explained that she did not rely on Paragraph 43 of the presentence report as a ground to go above the assumed Guideline range of zero to six months on the failure to appear offense but rather that she had considered, under § 3553, the nature/characteristics of the offense and the history/characteristics of the defendant, in conjunction with the need to protect the public.  The magistrate judge concluded that Russo's criminal record and personal history, including the information included in Paragraph 43, demonstrated that Russo presented a danger to others.  The magistrate judge also stated that she was giving Russo some credit for having pleaded guilty and accepted responsibility on the failure to appear charge.  Concluding, the magistrate judge stated that the sentence imposed met the general goals of punishment and deterrence.  She further stated that in the interest of providing Russo with any needed mental health care, she would recommend that the Bureau of Prisons designate Russo to serve her sentence in a medical facility.

The magistrate judge imposed the following sentence: nine months imprisonment on the DUI offense and twelve months imprisonment on the DWDSL offense, to be served concurrently; and ten months imprisonment on the failure to appear offense, to run consecutively to the other two sentences.  Russo therefore was sentenced to a total of

---

jailed in connection with the March 2006 charges from December 2006 until July 2007, or approximately seven months.  In addition, she evidently was jailed for approximately five months in connection with the grand theft auto charge that stemmed from the December 31, 2005, incident, for a total of approximately twelve months.

[4] According to the presentence report, a State of Florida Guardian Ad Litem Program report indicates that at the time Russo gave birth in November 2005 to a baby boy she tested positive for opiates, marijuana and cocaine; she also had tested positive the month prior to the birth for marijuana, opiates and benzodiazepines. Russo's infant suffered from drug withdrawal symptoms so severe that methadone was administered. Russo also had mental health issues and had experienced domestic violence at the hands of the child's father, to whom she was not married.  The child was sheltered with Russo's mother.  On January 21, 2006, when Russo was arrested at her mother's home on an outstanding warrant for grand theft auto, Russo's mother indicated that Russo was living in the home and the infant was in the care of a neighbor who, at the time, was facing substance abuse charges. Russo's mother had stopped administering methadone to the infant because she felt he did not require it.  The infant was readmitted to the hospital due to withdrawal symptoms and placed in Level II medical foster home.

Case No. 3:08cr52/MCR; 3:08cr53/MCR

twenty-two months imprisonment.[5] No fine or restitution was imposed. Russo's counsel objected to the sentence, arguing that it was longer than necessary and did not take into account the time in jail that Russo had already served; counsel also argued that the court should not have relied on the contents of Paragraph 43 in imposing sentence. These objections were overruled.

Russo timely filed notices of appeal and now challenges the procedural reasonableness and the substantive reasonableness of her sentence.

**Legal Standards**

Jurisdiction is conferred by 18 U.S.C. § 3402, which gives each defendant convicted by a magistrate judge the right to appeal the judgment to a district judge.

A district judge's review of a sentence imposed by a magistrate judge is the same as that conducted by the court of appeals in reviewing sentences imposed by the district court. 18 U.S.C. § 3742(h). After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the ultimate sentence imposed by any sentencing court is reviewed for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007)). An appellate court's review of a sentence

---

[5] In the Statement of Reason filed by the magistrate judge in connection with Russo's sentencing, the court noted the following in the section entitled "Additional Facts Justifying the Sentence in This Case":

> The defendant has exhibited a continued inability to follow the directions of the Court and is not a good candidate for probation. Her criminal history, history of fail[ing] to appear [ ] and history of violations of probation are not adequately taken into consideration in the presentence report (available from the 2006 case). Russo's criminal history reflects trouble with alcohol[;] as in the case of each of her DUI offenses, her breath alcohol content was great than .20. Paragraph 43 in the presentence report is the most disturbing in the presentence report. The defendant is on a continuing path of destruction and poses a danger not only to herself but to others in the community. The defendant's underlying offenses were not charged as severely as they should have been in this case.

> Additionally, due to the last minute addition of this case for plea and sentencing as requested by defense counsel, the Court, without benefit of an updated guideline presentence report to determine the guideline range, assumed for the record the range was 0-6 months incarceration. The Court strongly considered 18 U.S.C. § 3553 in its entirety, and specifically considered and discussed sections (a)(1) and (2)(A) through (D).

for reasonableness involves two steps. *Id.* at 1190. First, the court must "'ensure that the [sentencing court] committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Shaw*, ___ F.3d.____, 2009 WL 510323 (11th Cir. March 3, 2009) (quoting *Gall v. United States*, 128 S.Ct. 586, 597 (2007)); *see also Pugh*, 515 F.3d at 1190. If there is no procedural error, the court must then consider the substantive reasonableness of the sentence imposed, based on the "'totality of the circumstances.'" *Id.* (quoting *Gall*, 128 S.Ct. at 597). The party challenging the sentence must establish that the sentence is unreasonable in the light of both the record and § 3553(a). *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). The sentencing court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of the factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the [sentencing court] that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Factual findings are reviewed for clear error, while application of the Sentencing Guidelines to those facts is reviewed *de novo*. *United States v. Moriarty*, 429 F.3d 1012, 1021 (11th Cir. 2005) (quotation omitted). Under the clear error standard, the sentencing court's findings will not be disturbed unless the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation marks and citation omitted).

**Discussion**

Russo first argues that the magistrate judge's sentence was procedurally unreasonable. This court is satisfied that no "significant procedural error," indeed no procedural error whatsoever, infected the proceedings before the magistrate judge. *Pugh*, 515 F.3d at 1190. The magistrate judge calculated the defendant's guideline range

properly; treated the Sentencing Guidelines as advisory only; properly took into account the arguments made by the parties and Russo's allocution; correctly considered the sentencing factors under 18 U.S.C. § 3553(a); and made no clearly erroneous findings of fact. Further, the magistrate judge fully explained her decision to vary from the Guidelines range.[6] Russo contends that the magistrate judge imposed an "irrational" sentence because she improperly focused on the contents of Paragraph 43 of the presentence report and did not give appropriate weight to mitigating evidence that suggested Russo had recently become more responsible for herself and her children.  To the extent this argument involves a claim of procedural unreasonableness, the court disagrees that the magistrate judge committed any procedural error. As outlined in considerable detail above, the record clearly reflects otherwise.  To the extent Russo's argument that the magistrate judge imposed an "irrational" sentence implicates a claim of substantive unreasonableness, it is likewise rejected.  The sentence of ten months imprisonment on the failure to appear offense, indeed the total sentence of twenty-two months on all three crimes, is entirely reasonable under the facts of this case.

Because Russo has not shown either procedural or substantive unreasonableness, she cannot demonstrate error under the clear error standard of review applicable here. Accordingly, it is ORDERED that the judgment of the magistrate judge in Case No. 3:06mj/71EMT and Case No. 3:08mj/112/EMT is AFFIRMED.

**DONE and ORDERED** this 3rd day of April, 2009.

                                    s/ *M. Casey Rodgers*
                                    **M. CASEY RODGERS**
                                    **UNITED STATES DISTRICT JUDGE**

---

[6] The sentence imposed was clearly a variance, not a departure. The magistrate judge considered § 3553(a)'s factors rather than designating any Guidelines departure factor as grounds for the above-range sentence.

Case No. 3:08cr52/MCR; 3:08cr53/MCR